UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JOSEPH NEEV,<br><br>          Plaintiff,<br><br>     v.<br><br>GEORGE CHOI, et al,<br><br>          Defendants. | Case No.: C 08-2860 PVT<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND CASE TO STATE COURT** |

Plaintiff Joseph Neev ("Neev") claims that Defendants, George Choi and Luiz DaSilva (collectively "Defendants") used his confidential invention, know-how, experience, and marketing plans without his permission, in violation of the parties' agreements. Neev filed this action in state court, alleging state law claims for conversion, misappropriation of trade secrets, breach of implied contract, *quantum meruit*, promissory estoppel, fraud, promissory fraud, and accounting. Defendants filed a notice of removal under 28 U.S.C. section 1441, asserting that this court has original jurisdiction under 28 U.S.C. section 1338(a) because this case purportedly turns on substantial questions of federal patent law.[1] The court issued an order to show cause ("OSC") why the case should not be remanded to state court for lack of subject matter jurisdiction. After the Defendants

---

[1] Federal jurisdiction cannot be premised on 28 U.S.C. § 1332 because the parties are both citizens of California for the purposes of diversity jurisdiction.

ORDER, *page 1*

1  responded to the OSC, Plaintiff moved to remand the case to state court, disputing Defendants' claim
2  that the case turns on questions of patent law. Defendants opposed the motion. On September 9,
3  2008, the parties appeared before Magistrate Judge Patricia V. Trumbull for hearing on Plaintiff's
4  motion to remand. Having considered the parties' arguments,

5      IT IS HEREBY ORDERED that Plaintiff's motion to remand is GRANTED because patent
6  law is not a necessary element of any of Plaintiff's causes of action. The Clerk of Court shall
7  transmit forthwith a certified copy of this order to the Clerk of the California Superior Court in and
8  for the County of Santa Clara.

9  **I.     BACKGROUND**

10  According to Plaintiff, he is the sole inventor of "Treating Skin Disorders with Thermal
11  Energy," the subject of United States Provisional Patent Application Number 60/615,510
12  (hereinafter the "'510 Provisional).[2] Plaintiff filed the '510 Provisional with the United States
13  Patent and Trademark Office ("PTO") on a confidential basis. Plaintiff disclosed his invention and
14  the '510 Provisional to Defendants and claims he made clear to them that this disclosure was made
15  in strict confidence. Plaintiff alleges that, in his conversations with Defendants, he shared know-
16  how and experience related to the invention and the '510 Provisional, as well as marketing plans for
17  the invention.

18  Plaintiff claims that Defendants promised him that he would receive an approximately 1/3
19  interest (34%) in a corporation they would form to create a product and marketing plan based on the
20  confidential information he provided. Plaintiff claims that, instead of forming a corporation with
21  Plaintiff, Defendants used Plaintiff's invention, know-how, experience, and marketing plans for
22  commercial purposes without his consent.

23  Plaintiff alleges that, despite being told that the '510 Provisional already disclosed his
24  invention, DaSilva insisted that he and Neev file new provisional applications to act as
25  "placeholders" until a full application was filed. Plaintiff alleges that Defendants said these
26  provisional applications were necessary to protect his '510 Provisional application. He claims the
27
28      [2]    The statement of facts is based on allegations in Plaintiff Neev's First Amended Complaint.

provisional applications Defendants filed did not disclose anything new or innovative. Instead, Plaintiff claims, these provisional applications contained information that was disclosed by Plaintiff to Defendants in confidence and what was already disclosed in the '510 Provisional. Plaintiff alleges that without his consent, Defendant DaSilva filed the above mentioned applications with a false claim that Defendant Choi was also a co-inventor. Plaintiff claims that Defendants took these actions as part of a scheme to defraud him out of his invention.

## II. LEGAL STANDARD

Removal is proper under 28 U.S.C. section 1441(b) for actions over which a federal district court could have exercised original jurisdiction. The removing party bears the burden of establishing that removal is proper. *See Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1195 (9th Cir. 1990). Removal statutes are strictly construed, such that any doubts must be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

Federal district courts have original and exclusive federal jurisdiction in "any civil action arising under any Act of Congress relating to patents." 28 U.S.C. § 1338(a). Federal jurisdiction under section 1338(a) extends "only to those cases in which a well-pleaded complaint establishes either that federal patent law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal patent law, in that patent law is a necessary element of one of the well-pleaded claims." *Christianson v. Colt Operating Corp.*, 486 U.S. 800, 808-09 (1988).

To determine whether a claim arises under patent law, the court must look to "what necessarily appears in the plaintiff's statement of his own claim . . . , unaided by anything alleged in anticipation or avoidance of defenses which it is thought the defendant may interpose." *Id*. at 809 (internal quotations omitted). "A claim supported by alternative theories in the complaint may not form the basis for section 1338(a) jurisdiction unless patent law is essential to each of those theories." *Id*. at 810. In other words, "[i]f on the face of a well-pleaded complaint there are reasons completely unrelated to the provisions and purposes of the patent laws why the plaintiff may or may not be entitled to the relief it seeks, then the claim does not arise under those laws." *Id*. (internal quotations omitted).

ORDER, page 3

Federal patent jurisdiction does not arise merely because a patent or patent application is involved in the underlying dealings between the parties. *See Christianson*, 486 U.S. 800. Nor does it arise simply because patent laws or regulations need to be examined or discussed in the context of deciding various causes of action. "[T]he fact that a state cause of action requires examination, discussion, or citation of patent-related laws and regulations is not sufficient." *See Kroll v. Finnerty* 242 F.3d 1359, 1365-66 (Fed. Cir. 2001). In *Knoll*, the Federal Circuit court found that there was no section 1338(a) jurisdiction even though the plaintiff's complaint "required an understanding of" PTO regulations, federal statutes, and case law. *Id*.

### III.  DISCUSSION

There is no dispute that Plaintiff's causes of action for conversion, misappropriation of trade secrets, *quantum meruit*, and accounting are purely state law causes of action. Thus, the only causes of action at issue here are breach of implied contract, promissory estoppel, fraud, and promissory fraud.

### A.  PLAINTIFF'S THIRD CAUSE OF ACTION FOR BREACH OF IMPLIED CONTRACT

Defendants argue that federal jurisdiction is proper because Plaintiff's right to relief for breach of contract necessarily depends on the resolution of a substantial question of federal patent law: claim scope. They argue that adjudication of Plaintiff's breach of implied contract claim requires the court to determine whether the Defendants are in fact using patented material and to analyze the scope of Plaintiff's '510 Provisional. As explained more fully below, this court agrees with Plaintiff that the third cause of action does not necessarily depend on construction of the claims in the '510 Provisional.

The mere fact that a federal patent issue may be a potential element in a cause of action does not confer federal patent jurisdiction. *See Christianson*, 486 U.S. at 810. The Supreme Court in *Christianson* stated that the well-pleaded complaint rule focuses on claims, not theories. *Id*. Thus, the *Christianson* Court held, "a claim supported by alternative theories in the complaint may not form the basis for section 1338(a) jurisdiction unless patent law is essential to each of those theories." *Id*. In other words, "just because an element that is essential to a particular theory might be governed by federal patent law does not mean that the entire . . . claim 'arises under' patent law.

*Id*. at 811.

In the present case, even though a patent law issue may be a necessary element of a particular theory supporting Plaintiff's claims, if on the face of Plaintiff's complaint there is an alternative, non-patent law theory sufficient to support Plaintiff's claims, those claims do not "arise under" federal patent law. *See Christianson*, 486 U.S. at 811.  Defendant's argue that a necessary element of Plaintiff's third cause of action is an examination of claim scope in order to determine whether the Defendants breached a contract, citing *U.S. Valves, Inc v. Dray*. 212 F.3d 1368 (Fed. Cir. 2000). *U.S. Valves*, however, involved a license agreement between the defendant and the plaintiff, giving the plaintiff the "exclusive right to manufacture, use, sell, advertise, and distribute the Licensed Product." *Id*. at 1372.  The court held that to prove the defendant sold valves in contravention of the plaintiff's exclusive rights to such sales, the plaintiff had to show that the valves the defendant sold actually *infringed* the patent.  Thus, patent law was a necessary element of the plaintiff's breach of contract action. *Id*.  Here, in contrast, Defendants have not explained why any determination of claim scope is necessary to prove Plaintiff's breach of contract claim.  Contrary to *U.S. Valves*, here it will not be necessary to determine whether Defendants' product infringes any patent.

Moreover, on the face of Plaintiff's complaint there is an alternative theory that has nothing to do with patent law.  Plaintiff alleges that an implied contract was created when he conveyed valuable ideas to Defendants, who voluntarily accepted them knowing that they were tendered for a price.  By using any of that information, Defendants implicitly promised to pay Plaintiff the value of what they used.  Plaintiff argues that to prove a breach of implied contract, all he must show is the breach of that promise.  Plaintiff claims he can prove a breach of this agreement by showing that Defendants used his know-how or marketing plans.  Thus, Plaintiff could succeed without implicating any issues of patent law.  Consequently, Plaintiff's third cause of action thus does not "arise under" patent law, as required for federal jurisdiction under 28 U.S.C. section 1338(a).

**B.    PLAINTIFF'S FIFTH CAUSE OF ACTION FOR PROMISSORY ESTOPPEL**

None of the elements of Plaintiff's promissory estoppel cause of action involve any patent issues.  To prove promissory estoppel, Plaintiff must show that Defendants made a promise to him, that he reasonably relied on the promise, that his reliance was foreseeable, and that he suffered injury

as a result of his reasonable and foreseeable reliance. *See Laks v. Coast Fed. Sav. & Loan Assn.*, 60 Cal.App.3d 885, 890 (1976).

Plaintiff claims that Defendants made a promise to him that if they used his invention, know-how, experience, and marketing plans, Plaintiff would receive a 34% interest in the corporation Defendants were to form. He further claims that Defendants promised to maintain the confidentiality of this information and not to use it without Plaintiff's consent. As with the third cause of action, no infringement analysis will be necessary to evaluate whether Defendants in fact made these promises to Plaintiff, whether Plaintiff reasonably relied on one or both or these promises, whether his reliance was foreseeable, or whether he suffered injury as a result. The mere fact that a patent application is involved in the underlying dealings between the parties does not confer federal patent jurisdiction. *See Christianson*, 486 U.S. 800. Thus, the fifth cause of action does not "arise under" patent law.

### C. PLAINTIFF'S SIXTH AND SEVENTH CAUSES OF ACTION FOR FRAUD

Plaintiff's causes of action for fraud and promissory fraud may be stated as one cause of action for fraud, because promissory fraud is merely a type of fraud. *See Lazar v. Superior Court*, 12 Cal. 4th 631 (1996).[3]

Plaintiff's cause of action for fraud does not "necessarily depend" upon patent law. Many of the misrepresentations Plaintiff alleges are not in any way based on patent law; instead, they are simply allegations that Defendants falsely promised to keep Plaintiff's confidential information private, upon which Plaintiff relied to his detriment, and that Defendants falsely promised Plaintiff a 34% interest in a company to be formed by Defendants.

Defendants argue, without any real explanation, that this cause of action requires the court to consider invalidity, inventorship, and claim scope, thus conferring federal patent jurisdiction. In

---

[3] As the California Supreme Court explained,
"'[p]romissory fraud' is a subspecies of fraud and deceit. A promise to do something necessarily implies the intention to perform; hence, where a promise is made without such intention, there is an implied misrepresentation of fact that may be actionable fraud. [Citations.] [¶] An action for promissory fraud may lie where a defendant fraudulently induces the plaintiff to enter into a contract." *See Lazar*, 12 Cal. 4th at 638.

ORDER, *page 6*

support, Defendants single out Plaintiff's allegation that they misrepresented to him that the filing of the two new patent applications was for the purpose of enhancing the protection of Plaintiff's original invention.  They claim that because Plaintiff's purported sole allegation of fraud is a misrepresentation about Defendant's patent applications, to prevail, Plaintiff must prove that the statements about Defendants' patent applications were false.  However, the mere fact that a state cause of action requires the court to examine a patent or discuss patent-related laws is not sufficient to confer federal patent jurisdiction.  *See Kroll v. Finnerty*, 242 F.3d 1359, 1365-66 (Fed. Cir. 2001).  Defendants have not shown that this alleged misrepresentation involves substantial questions of patent law.

      Further, as Defendants acknowledged in their response to the OSC, Plaintiff pled more than a "sole" allegation of fraud.  Plaintiff alleged numerous false statements as a basis for his fraud claim.  For instance, Plaintiff alleges that Defendants falsely promised him that they would maintain the confidentiality of his invention, know-how, experience, and marketing plans and would not use this information for commercial purposes without his consent.

      Plaintiff also alleges that Defendants falsely promised him that if they used his invention and his confidential information, Plaintiff would receive a 34% interest in a company to be formed by Defendants to market and profit from use of the invention and Plaintiff's confidential information, such as his know-how, experience, and marketing plans.  Defendants argue this allegation involves a "bundle of rights."  They argue that Plaintiff may only receive the promised 34% interest in the company if they used the entire "bundle" of the material contained in plaintiff's '510 Provisional, his know-how, experience, and his marketing plans for the invention.  They assert that there was no agreement that Defendants' use of only a portion of Plaintiff's confidential information required them to give plaintiff a 34% interest in the company.  Thus, Defendants claim that for Plaintiff to prove promissory fraud, he must show that the Defendants actually used the invention disclosed in the '510 Provisional.  This argument is without merit.  No infringement analysis is necessary to determine if Defendants "used" any of the information set forth in the '510 Provisional.  Moreover, a false promise to pay $10 for ten widgets with the intent of paying nothing is actionable as fraud even if the wrongdoer takes only one of those widgets.

In a recent case involving similar facts, the plaintiff alleged misappropriation of trade secrets claiming that defendants filed ten fraudulent patent applications incorporating that plaintiff's technology. *See Altavion, Inc. v. Konica-Minolta Sys. Lab., Inc.*, 2008 WL 2020593 (N.D. Cal., 2008).[4] The *Altavion* court held that the

> "[d]efendants' allegedly fraudulent conduct before the USPTO will no doubt be a large part of the proceedings in this action. But the significance of defendants' conduct before the USPTO is not that it forms the exclusive *theory* upon which plaintiff's claims are based, but rather, that it provides probative *evidence* supporting plaintiff's claims that defendant has unlawfully disclosed and used plaintiff's trade secrets, has breached the parties' contract, and has made false representations to the plaintiff." *Id*. at *6.

The court further stated that "[t]he mere fact that defendants have filed ten patent applications disclosing various elements of plaintiff's digital stamping technology does not convert this action into one 'arising under' the federal patent laws." *Id*. The same is true here. While Defendants' alleged fraudulent scheme happened to involve patent applications, the proof of Plaintiff's fraud claim does not hinge on patent laws or principles. Thus, Plaintiff's sixth and seventh causes of action do not "arise under" patent law, as required for federal jurisdiction under 28 U.S.C. section 1338(a).

## IV. CONCLUSION

As discussed herein, the mere fact that resolution of Plaintiff's state law claims *may* involve review of his and Defendants' patent applications is insufficient to confer federal subject matter jurisdiction. Because this court lacks jurisdiction, the case must be remanded to state court.

Dated: *10/3/08*

PATRICIA V. TRUMBULL
United States Magistrate Judge

---

[4] Defendants attempt to distinguish *Altavion* based on the fact that, unlike the plaintiff in *Altavion*, the Plaintiff here has also filed a patent application. However, the Defendants have failed to demonstrate why this fact has any significance.